UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ANDRES MEDINA,<br><br>Defendant. | Case No. **20-MJ08014-RBM**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on January 10, 2020, to determine whether Defendant, Jesus Andres Medina, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Jessica G. Moreno appeared on behalf of the United States. Lupe C. Rodriguez appeared on behalf of the Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, the pretrial services report, and the complaint, the Court concludes the following: (1) there is a rebuttable presumption that Defendant presents a risk of flight; (2) the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance; and (3) Defendant failed to rebut the presumption that he presents a risk of flight.

# I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 20MJ08014 with the harboring of illegal aliens, in violation of Title 8, U.S.C., §§ 1324(a)(1)(A)(iii). Therefore, probable cause exists to believe the Defendant committed the charged offense.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. On January 05, 2020, Border Patrol Agents were conducting surveillance at Motel 6 in El Centro, CA, when Jesus Andres Medina, a United States citizen, parked near the lobby area.

2. Medina was then seen escorting another male to a room on the second floor of the motel and come out running down the hallway moments later and take off on his vehicle. Medina returned moments later with a female and large bags of fast food. The agents then approached the female to investigate further and at that point Medina told the female to "run".

3. Medina was apprehended as he frantically tried to open his vehicle's door. Medina then told the agents in which room the undocumented people were. Medina also admitted that he picked up two undocumented people for $1,000 per person in El Cajon, CA, and was waiting at the Motel 6 to get more instructions.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>:

1. Defendant is a United States citizen.
2. In 2006, Defendant was convicted for conspiracy to import methamphetamine in violation of 21 U.S.C. 952, 960 and 963, out of the Southern District of California.
3. Defendant is currently on supervised release.
4. Defendant has a history of substance abuse.
5. Defendant is pending a violation of proceedings for the offense he is currently on supervised release.

///

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no criminal history.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint Number 20MJ08014, to wit: the transportation of illegal aliens, in violation of Title 8, U.S.C., §§ 324(a)(1)(A)(iii).

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## **ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

///

///

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: 1/19/2020

*[signature]*

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR
United States Attorney

*[signature]*

JESSICA G. MORENO
Assistant U.S. Attorney.

cc:    Lupe C. Rodriguez
       Counsel for Defendant